IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SLAWOMIR T. BOZKO, on behalf of himself and other similarly situated individuals, | ) ) ) ) |
| Plaintiff, | ) Case No. 17-cv-00680 ) |
| v. | ) Judge ) |
| LAS HARDWOOD, INC., LAS HARDWOODS B, LLC, LAS. TRANSPORT LLC, | ) Magistrate Judge ) ) ) ) |
| Defendants. | ) |

## CLASS ACTION COMPLAINT

Plaintiff Slawomir T. Bozko, on behalf of himself and other similarly situated individuals, known and unknown, through his attorneys, against LAS Hardwoods, Inc., LAS Hardwoods B, LLC, LAS Transport, LLC (collectively "Defendants") states as follows:

### I. NATURE OF THE CASE

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq*. ("IMWL") for Defendants' failure to pay Plaintiff and other similarly situated employees overtime wages for all time worked in excess of forty (40) hours in a work week in violation of the FLSA and IMWL. For claims arising under the FLSA, Plaintiff brings this suit as a collective action pursuant to Section 216(b) of the FLSA. For claims arising under the IMWL, Plaintiff seeks to certify these claims as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b).

## II.  JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. §216(b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

3. Venue is proper in this judicial district because Defendants' place of business is located within this judicial district and the events giving rise to Plaintiff's claims occurred in this judicial district.

## III.  PARTIES

**Plaintiff**

4. At all relevant times Plaintiff has:

    a. resided in and is domiciled within this judicial district in Illinois;

    b. handled goods that have moved in interstate commerce; and

    c. been an "employee" of Defendants in Illinois as that term is defined by the FLSA, 29 U.S.C. §201 *et seq*., and the IMWL, 820 ILCS 115/3(d).

**Defendants**

5. Within the relevant time period, Defendant LAS Hardwoods, Inc:

    a. has been a corporation organized under the laws of the State of Illinois;

    b. has had its principal place of business at 9535 W River St in Schiller Park, Illinois, within this judicial district;

    c. has conducted business in Illinois and within this judicial district;

    d. has been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce, within the meaning of Section 3(s)(1)(A);

e. has had two (2) or more employees who have handled goods that moved in interstate commerce; and

f. was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. §203(d) and IMWL, 820 ILCS 105/3(c)

6. Within the relevant time period, Defendant LAS Hardwoods B, LLC:

a. has been a corporation organized under the laws of the State of Illinois;

b. has had its principal place of business at 9535 W River St in Schiller Park, Illinois, within this judicial district;

c. has conducted business in Illinois and within this judicial district;

d. has been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce, within the meaning of Section 3(s)(1)(A);

e. has had two (2) or more employees who have handled goods that moved in interstate commerce; and

f. was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. §203(d) and IMWL, 820 ILCS 105/3(c).

7. Within the relevant time period, Defendant LAS Transport, LLC:

a. has been a corporation organized under the laws of the State of Illinois;

b. has had its principal place of business at 9501 Winona Ave in Schiller Park, Illinois, within this judicial district;

c. has conducted business in Illinois and within this judicial district;

    d. has been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce, within the meaning of Section 3(s)(1)(A);

    e. has had two (2) or more employees who have handled goods that moved in interstate commerce; and

    f. was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. §203(d) and IMWL, 820 ILCS 105/3(c)

### IV.   FACTUAL BACKGROUND

8. Defendants LAS Hardwoods, Inc, LAS Hardwoods B, LLC, and LAS Transport, LLC are corporations specializing in the sale and delivery of wooden flooring products.

9. At all relevant times, LAS Hardwoods, Inc, LAS Hardwoods B, LLC, and LAS Transport, LLC have operated as a single enterprise in that the two companies have unified operations and/or common control over Plaintiff's and similarly situated employees' employment.

10. LAS Hardwoods, Inc, LAS Hardwoods B, LLC, and LAS Transport, LLC have unified operations in that, *inter alia*,:

    a. Defendants share a common business purpose of selling and delivering flooring goods as described in paragraph 9;

    b. Defendants share resources including the same business facilities located at the same address, 9535 W River St in Schiller Park, Illinois;

    c. Defendants share management and supervisory staff; and

    d. Defendants share human resources, such as payroll functions.

11. Plaintiff Slawomir Bozko worked year round as a Deliveryman for Defendants from 2012 until July 2016.

4

12. The Defendants are engaged in the sale and delivery of wood flooring, around the Chicago metro area.

13. Plaintiff's main duties were to deliver goods to various sites around the Chicago metro area.

14. He also would perform work at Defendants' warehouse, moving goods and organizing orders.

15. Throughout his employment Plaintiff and similarly situated employees were paid at an agreed upon hourly rate.

16. Plaintiff and similarly situated employees were regularly directed to work in excess of forty (40) hours per week during individual work weeks.

17. Plaintiff and similarly situated employees regularly did work over 40 hours in individual workweeks.

18. During their employment Plaintiff and similarly situated employees were misclassified as independent contractors and were not paid at time and a half their regular rate for all time worked in excess of forty (40) hours per week.

19. Additionally, Plaintiff and similarly situated individuals regularly had half an hour of pay per day deducted from their wages for lunch breaks that Plaintiff and similarly situated employees did not take resulting in a further failure by Defendants to compensate Plaintiffs for all time actually worked in excess of forty hours per week at an overtime rate.

## V. CLASS ACTION ALLEGATIONS

20. Plaintiff will seek to certify a class action pursuant to Fed. R. Civ. P. Rule 23 for his state law claim for Illinois-mandated overtime wages (Counts II) arising under the IMWL.

21. The class that Plaintiff seeks to represent is defined as: All individuals employed by Defendants from January 27, 2014 through the date of judgment.

22. Count II is brought pursuant to Fed. R. Civ. P. Rule 23 (a) and (b) because:

   a. The class is so numerous that joinder of all members is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that Defendants have employed over 50 individuals in Illinois during the IMWL Class Periods;

   b. There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members. These common questions of law and fact include, without limitation:

      i. Whether Defendants misclassified Plaintiff and the Class as exempt from the overtime provisions of the IMWL.

      ii. Whether Plaintiff and similarly situated employees regularly worked in excess of forty hours per week.

      iii. Whether Defendants failed to pay Plaintiff and the Class overtime wages for all time worked over forty (40) hours in individual work weeks during the IMWL Class Period.

   c. The Class Representative and Class Members have been equally affected by Defendants' failure to pay overtime wages;

   d. Class Members will be reluctant to bring forth claims for unpaid wages out of fear of retaliation;

   e. The Class Representative, Class Members and Defendants have a commonality of interest in the subject matter and remedies sought and the Class Representatives

are able to fairly and adequately represent the interest of the class. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions creating a hardship on the class members, Defendants and the Court.

23. Therefore, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

## COUNT I
## Violation of the FLSA – Overtime Wages
*Plaintiff on behalf of himself and similarly situated individuals*

Plaintiff incorporates and re-alleges paragraphs 1 through 23 as though set forth herein.

24. This Count arises from Defendants' violation of the FLSA for their failure to pay Plaintiff at one and a half times their regular rate of pay for all time worked in excess of forty (40) hours in a work week, described more fully in paragraphs 8 - 19, *supra*.

25. Defendants directed Plaintiff to work, and Plaintiff did work, in excess of forty (40) hours in individual workweeks within the three (3) years prior to filing this lawsuit.

26. Other similarly situated employees were also directed to work in excess of forty (40) hours in individual workweeks within the three (3) years prior to filing this lawsuit.

27. Plaintiff and similarly situated employees were not exempt from the overtime provisions of the FLSA.

28. Plaintiff and similarly situated employees were entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual workweeks.

29. Defendants did not pay Plaintiff and similarly situated employees overtime wages for all time worked in excess of forty (40) hours in individual workweeks.

30. Defendants' failure to pay Plaintiff and the Class overtime wages for all time worked in excess of forty (40) hours in individual workweeks was a violation of the FLSA.

31. Plaintiff and the Class are entitled to recover unpaid overtime wages for up to three (3) years prior to the filing of this lawsuit because Defendants' violation of the FLSA was willful.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. That the Court determine that this action may be maintained as a collective action pursuant to Section 216(b) of the FLSA;

B. A judgment in the amount of all unpaid overtime wages owed to Plaintiff and the Class;

C. Liquidated damages in the amount equal to the unpaid overtime wages;

D. Reasonable attorneys' fees and costs of this action as provided by the FLSA;

E. Such other and further relief as this Court deems appropriate and just.

## COUNT II

### Violation of the IMWL – Overtime Wages
*Plaintiff of behalf of himself and a Class of similarly situated individuals*

Plaintiff incorporates and re-alleges paragraphs 1 through 31 as though set forth herein.

32. This Count arises from Defendants' violation of the IMWL for their failure to pay Plaintiff time and a half their regular rate of pay for all time worked in excess of forty (40) hours in individual workweeks, as described more fully in paragraphs 8 - 19, *supra*.

33. Defendants directed Plaintiff to work, and Plaintiff did work, in excess of forty (40) hours in individual workweeks within the three (3) years prior to filing this lawsuit.

34. Plaintiff was not exempt from the overtime provisions of the IMWL.

35. Plaintiff was entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual workweeks.

36. Defendants did not pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

37. Defendants likewise directed other similarly situated, non-exempt laborers to work in excess of forty (40) hours in individual work weeks and who were likewise entitled to be paid overtime wages for all compensable time in excess of forty (40) hours in individual work weeks.

38. Defendants did not pay other persons similarly situated overtime wages for all compensable time in excess of forty (40) hours worked in individual work weeks.

39. Defendants' failure to pay Plaintiff and other persons similarly situated overtime wages for all time worked in excess of forty (40) hours in individual workweeks was a violation of the IMWL.

40. Pursuant to 820 ILCS 105/12(a), Plaintiff and members of the class are entitled to recover unpaid overtime wages for three (3) years prior to the filing of this suit.

41. The Class that Plaintiff seeks to represent in regard to the overtime wage claim arising under the IMWL is composed of and defined as all individuals employed by Defendants in Illinois from January 27, 2014 and up through the date of judgment.

WHEREFORE, Plaintiff and the class pray for a judgment against Defendants as follows:

A. That the Court determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B. A judgment in the amount of all back wages due to Plaintiff and the Class as provided by the IMWL;

C. Statutory damages pursuant to the formula set forth in 820 ILCS 105/12(a);

9

D. That the Court declare that Defendants have violated the IMWL;

E. That the Court enjoin Defendants from violating the IMWL;

F. Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/1 *et seq.*; and

G. Such other and further relief as this Court deems appropriate and just.


Dated: January 27, 2017

*/s/Alvar Ayala*
Alvar Ayala (ARDC #6295810)
Christopher J. Williams (ARDC #6284262)
Workers' Law Office, P.C.
53 W. Jackson Blvd, Suite 701
Chicago, IL 60604
(312) 795-9121

Attorneys for Plaintiff
