IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SLAWOMIR T. BOZKO, on behalf of himself and other similarly situated individuals, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 17-cv-00680 |
| v. | ) ) | Judge Lee |
| LAS HARDWOOD, INC., LAS HARDWOODS B, LLC, LAS TRANSPORT LLC, SLAWOMIR BIALON, and PRZEMYSLAW BIALON | ) ) ) ) ) | Magistrate Judge Finnegan |
| Defendants. | ) ) | |

**SECOND AMENDED COMPLAINT**

Plaintiff Slawomir T. Bozko (hereafter "Plaintiff"), on behalf of himself and other similarly situated individuals, known and unknown, through his attorneys, against LAS Hardwoods, Inc., LAS Hardwoods B, LLC, LAS Transport, LLC, Slawomir Bialon, and Przemyslaw Bialon (collectively "Defendants") states as follows:

**I.     NATURE OF THE CASE**

1.     This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL") for Defendants' failure to pay Plaintiff and other similarly situated employees overtime wages for all time worked in excess of forty (40) hours in a work week in violation of the FLSA and IMWL. For claims arising under the FLSA, Plaintiff brings this suit as a collective action pursuant to Section 216(b) of the FLSA. For claims arising under the IMWL, Plaintiff seeks to certify these claims as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b).

1

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. §216(b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

3. Venue is proper in this judicial district because Defendants' place of business is located within this judicial district and the events giving rise to Plaintiff's claims occurred in this judicial district.

## III. PARTIES

**Plaintiff**

4. At all relevant times Plaintiff has:

   a. resided in and been domiciled within this judicial district in Illinois;

   b. handled goods that have moved in interstate commerce; and

   c. been an "employee" of Defendants in Illinois as that term is defined by the FLSA, 29 U.S.C. §201 *et seq.*, and the IMWL, 820 ILCS 115/3(d).

**Defendants**

5. Within the relevant time period, Defendant LAS Hardwoods, Inc. has:

   a. been a corporation organized under the laws of the State of Illinois;

   b. had its principal places of business at 9535 W River St., and 9501 Winona Ave., in Schiller Park, Illinois, and 817 N. Church Rd., Elmhurst, Illinois within this judicial district;

   c. conducted business in Illinois and within this judicial district;

   d. been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce, within the meaning of Section 3(s)(1)(A);

   e. had two (2) or more employees who have handled goods that moved in interstate commerce; and

    f. been Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. §203(d) and IMWL, 820 ILCS 105/3(c)

    g. been affiliated with Defendants LAS Hardwoods B, LLC, and LAS Transport, LLC;

    h. operated as a single enterprise and a single employer with Defendants LAS Hardwoods B, LLC, and LAS Transport, LLC in relation to Plaintiff and other similarly situated employees; and

    i. operated as a joint employer of Plaintiff and other similarly situated employees with Defendants LAS Hardwoods B, LLC, and LAS Transport, LLC;

6. Within the relevant time period, Defendant LAS Hardwoods B, LLC has:

    a. been a corporation organized under the laws of the State of Illinois;

    b. had its principal places of business at 9535 W River St., and 9501 Winona Ave., in Schiller Park, Illinois, and 817 N. Church Rd., Elmhurst, Illinois, within this judicial district;

    c. conducted business in Illinois and within this judicial district;

    d. been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce, within the meaning of Section 3(s)(1)(A);

    e. had two (2) or more employees who have handled goods that moved in interstate commerce; and

    f. been Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. §203(d) and IMWL, 820 ILCS 105/3(c).

    g. been affiliated with Defendants LAS Hardwoods, Inc, and LAS Transport, LLC;

    h. operated as a single enterprise and a single employer of Plaintiff and other similarly situated employees with Defendants LAS Hardwoods, Inc., and LAS Transport, LLC;

    i. operated as a joint employer of Plaintiff and other similarly situated employees with Defendants LAS Hardwoods, Inc., and LAS Transport, LLC;

7. Within the relevant time period, Defendant LAS Transport, LLC has:

    a. been a corporation organized under the laws of the State of Illinois;

    b. has had its principal place of business at 9535 W River St., and 9501 Winona Ave., in Schiller Park, Illinois, and 817 N. Church Rd., Elmhurst, Illinois, within this judicial district;

    c. conducted business in Illinois and within this judicial district;

    d. been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce, within the meaning of Section 3(s)(1)(A);

    e. had two (2) or more employees who have handled goods that moved in interstate commerce; and

    f. been Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. §203(d) and IMWL, 820 ILCS 105/3(c);

    g. been affiliated with Defendants LAS Hardwoods B, LLC, and LAS Hardwoods, Inc;

    h. operated as a single enterprise and single employer with Defendants LAS Hardwoods B, LLC, and LAS Hardwoods, Inc., in relation to Plaintiff and other similarly situated laborers; and

    i. operated as a joint employer of Plaintiff and other similarly situated employees with Defendants LAS Hardwoods B, LLC, and LAS Hardwoods, Inc.

8. During the relevant time period, Defendant Slawomir Bialon:

    a. Has been a principal officer of Defendants LAS Hardwood B, LLC, and LAS Hardwoods, Inc.;

    b. Among other things, has had the authority to hire and fire, to direct and supervise the work of Plaintiff and similarly situated employees, to authorize payment of wages to Plaintiff and similarly situated employees, to sign on the Defendants' checking accounts, including any payroll accounts, and to participate in decisions regarding the operation of the business and employment policies and practices;

    c. Regularly supervised and directed Plaintiff's and similarly situated employees' work;

    d. Was Plaintiff's and similarly situated employees' "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d) and IMWL, and 820 ILCS 105/3(c); and

    e. Resides in this judicial district.

9. During the relevant time period, Defendant Przemyslaw Bialon:

   a. Has been a principal officer of Defendants LAS Hardwood B, LLC, LAS Hardwoods, Inc., and LAS Transport, LLC.;

   b. Among other things, has had the authority to hire and fire, to direct and supervise the work of Plaintiff and similarly situated employees, to authorize payment of wages to Plaintiff and similarly situated employees, to sign on the Defendants' checking accounts, including any payroll accounts, and to participate in decisions regarding the operation of the business and employment policies and practices;

   c. Regularly supervised and directed Plaintiff's and similarly situated employees' work;

   d. Was Plaintiff's and similarly situated employees' "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d) and IMWL, and 820 ILCS 105/3(c); and

   e. Resides in this judicial district.

### IV.    FACTUAL BACKGROUND

10. Defendants LAS Hardwoods, Inc, LAS Hardwoods B, LLC, and LAS Transport, LLC are corporations specializing in the sale and delivery of wooden flooring products.

11. Plaintiff worked year round for Defendants as a Deliveryman.

12. Plaintiff began working for Defendants approximately on March 2013, and stopped working for Defendants approximately in late July of 2016.

13. In the three years prior to the filing of this lawsuit to the present ("Relevant Time Period"), LAS Hardwoods, Inc., LAS Hardwoods B, LLC, and LAS Transport, LLC have operated as a single employer of Plaintiff and other similarly situated employees in that the three companies have had unified operations and common control over the employees of the other, as well as common business purpose of selling and delivering flooring goods.

14. Throughout the Relevant Time Period, LAS Hardwoods, Inc, LAS Hardwoods B, LLC, and LAS Transport, LLC have unified operations in that, *inter alia*,:

5

      a. Defendants share a common business purpose of selling and delivering flooring goods;

      b. The three Defendants do business as LAS Hardwoods and represent themselves as a single family owned business with two locations on the company's website, www.lashardwoods.com/, and provide a common contact email, contact@lashardwoods.com.

      c. Defendants are commonly owned and operated by brothers Bialon Slawomir and Bialon Przemyslaw;

      d. Defendants share resources, including the same business facilities located at the same address, 9535 W River St in Schiller Park, Illinois, and 817 N. Church Rd., Elmhurst, Illinois, and, formerly, 9501 Winona Ave., Illinois;

      e. Defendants share management and supervisory staff;

      f. Defendants share human resources, such as payroll and accounting functions.

      g. Defendants interchange employees between the different stores;

      h. Defendants exercise common control over employees regardless of whether employees are in one Defendant's payroll or another's.

15. In the alternative, throughout the Relevant Time Period, Defendants were joint employers of Plaintiff and other similarly situated employees of Defendants.

16. Throughout the Relevant Time Period, Defendants, through their common management, exercised joint control over Plaintiff and similarly situated employees of Defendants. For example, during his employment, Plaintiff and similarly situated employees were directed by Defendants' common owners and managers to perform work at all of Defendants' warehouses, regardless of which Defendant company may have nominally owned, leased, or operated the warehouse.

17. On information, when Plaintiff was first hired by Defendants, he was placed on the payroll of LAS Hardwoods, Inc.

18. When Plaintiff was first hired by Defendants, Plaintiff was paid at the rate of approximately $10.00 per hour.

6

19. On or about July 2013, Plaintiff's rate of pay was changed from $11.00 to approximately $12.00 per hour.

20. On or about August of 2014, Plaintiff's rate of pay was changed to approximately $13.00 per hour.

21. On or about February of 2015, Plaintiff's rate of pay was changed to approximately $14.00.

22. Plaintiff's main duties were to deliver goods to various sites in and around the Chicago metro area.

23. Plaintiff would also perform work at Defendants' warehouses, moving goods and organizing orders.

24. Plaintiff and similarly situated employees were regularly directed to work in excess of forty (40) hours per week during individual work weeks.

25. Plaintiff and similarly situated employees regularly did work over 40 hours in individual workweeks.

26. Plaintiff's hours of work varied slightly from week to week, but Plaintiff regularly worked between approximately 45 and 60 hours per week.

27. During their employment, Plaintiff and similarly situated employees were misclassified as independent contractors and were not paid at time and a half their regular rate of pay for all time worked in excess of forty (40) hours per week.

28. Plaintiff and similarly situated employees were paid at their straight time rate for all hours worked, including all hours worked in excess of forty per week.

7

29. In late 2015, Plaintiff and similarly situated employees were placed on Defendant LAS Transport LLC's payroll. At this point, Defendants reclassified Plaintiff and similarly situated employees as employees instead of independent contractors.

30. After Plaintiff and similarly situated employees were reclassified as employees, they were paid overtime wages at the overtime rate of one and a half times their regular rate of pay for time worked in excess of forty (40) hours in an individual work week.

31. However, throughout his employment, Plaintiff was often required to work through his half hour lunch period.

32. Throughout the Relevant Time Period, other similarly situated employees were likewise required to work through their half hour lunch period.

33. Even though Defendants compensated Plaintiff and other similarly situated employees for their half hour lunch breaks at their regular rate of pay, on many occasions when Plaintiff and other similarly situated employees were required to work through their lunch break, they had worked in excess of forty hours in that same work week (exclusive of the lunch break) and they were entitled to be compensated for this time at the overtime wage rate.

34. In the circumstances described above, Plaintiff and similarly situated employees were not compensated for their lunch period at the overtime wage rate.

## V. CLASS ACTION ALLEGATIONS

35. Plaintiff will seek to certify a class action pursuant to Fed. R. Civ. P. Rule 23 for his state law claim for Illinois-mandated overtime wages (Counts II) arising under the IMWL.

36. The class that Plaintiff seeks to represent is defined as: All individuals employed by Defendants from January 27, 2014 through the date of judgment.

37. Count II is brought pursuant to Fed. R. Civ. P. Rule 23 (a) and (b) because:

8

a. The class is so numerous that joinder of all members is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that Defendants have employed over 50 individuals in Illinois during the IMWL Class Periods;

b. There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members. These common questions of law and fact include, without limitation:

   i. Whether Defendants misclassified Plaintiff and the Class as exempt from the overtime provisions of the IMWL.

   ii. Whether Plaintiff and similarly situated employees regularly worked in excess of forty hours per week.

   iii. Whether Defendants failed to pay Plaintiff and the Class overtime wages for all time worked over forty (40) hours in individual work weeks during the IMWL Class Period.

   iv. Whether Defendants properly paid Plaintiff and the Class at their straight time rate for lunches through which Plaintiff and the Class worked on weeks when Plaintiff and the Class worked in excess of forty hours per week.

c. The Class Representative and Class Members have been equally affected by Defendants' failure to pay overtime wages;

d. Class Members will be reluctant to bring forth claims for unpaid wages out of fear of retaliation;

    e.    The Class Representative, Class Members and Defendants have a commonality of interest in the subject matter and remedies sought and the Class Representatives are able to fairly and adequately represent the interest of the class. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions creating a hardship on the class members, Defendants and the Court.

38.    Therefore, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

## COUNT I
### Violation of the FLSA – Overtime Wages
*Plaintiff on behalf of himself and similarly situated individuals*

Plaintiff incorporates and re-alleges paragraphs 1 through 38 as though set forth herein.

39.    This Count arises from Defendants' violation of the FLSA for their failure to pay Plaintiff at one and a half times their regular rate of pay for all time worked in excess of forty (40) hours in a work week, described more fully in paragraphs 8 - 34, *supra*.

40.    Defendants directed Plaintiff to work, and Plaintiff did work, in excess of forty (40) hours in individual workweeks within the three (3) years prior to filing this lawsuit.

41.    Other similarly situated employees were also directed to work in excess of forty (40) hours in individual workweeks within the three (3) years prior to filing this lawsuit.

42.    Plaintiff and similarly situated employees were not exempt from the overtime provisions of the FLSA.

43.    Plaintiff and similarly situated employees were entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual workweeks.

44. Defendants did not pay Plaintiff and similarly situated employees overtime wages for all time worked in excess of forty (40) hours in individual workweeks.

45. Defendants' failure to pay Plaintiff and the Class overtime wages for all time worked in excess of forty (40) hours in individual workweeks was a violation of the FLSA.

46. Plaintiff and the Class are entitled to recover unpaid overtime wages for up to three (3) years prior to the filing of this lawsuit because Defendants' violation of the FLSA was willful.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. That the Court determine that this action may be maintained as a collective action pursuant to Section 216(b) of the FLSA;

B. A judgment in the amount of all unpaid overtime wages owed to Plaintiff and the Class;

C. Liquidated damages in the amount equal to the unpaid overtime wages;

D. Reasonable attorneys' fees and costs of this action as provided by the FLSA;

E. Such other and further relief as this Court deems appropriate and just.

## COUNT II

### Violation of the IMWL – Overtime Wages
*Plaintiff on behalf of himself and a Class of similarly situated individuals*

Plaintiff incorporates and re-alleges paragraphs 1 through 46 as though set forth herein.

47. This Count arises from Defendants' violation of the IMWL for their failure to pay Plaintiff and similarly situated employees time and a half their regular rate of pay for all time worked in excess of forty (40) hours in individual workweeks, as described more fully in paragraphs 8 - 34, *supra*.

48. Defendants directed Plaintiff to work, and Plaintiff did work, in excess of forty (40) hours in individual workweeks within the three (3) years prior to filing this lawsuit.

49. Plaintiff was not exempt from the overtime provisions of the IMWL.

50. Plaintiff was entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual workweeks.

51. Defendants did not pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

52. Defendants likewise directed other similarly situated, non-exempt laborers to work in excess of forty (40) hours in individual work weeks and who were likewise entitled to be paid overtime wages for all compensable time in excess of forty (40) hours in individual work weeks.

53. Defendants did not pay other persons similarly situated overtime wages for all compensable time in excess of forty (40) hours worked in individual work weeks.

54. Defendants' failure to pay Plaintiff and other persons similarly situated overtime wages for all time worked in excess of forty (40) hours in individual workweeks was a violation of the IMWL.

55. Pursuant to 820 ILCS 105/12(a), Plaintiff and members of the class are entitled to recover unpaid overtime wages for three (3) years prior to the filing of this suit.

56. The Class that Plaintiff seeks to represent in regard to the overtime wage claim arising under the IMWL is composed of and defined as all individuals employed by Defendants in Illinois from January 27, 2014 and up through the date of judgment.

WHEREFORE, Plaintiff and the class pray for a judgment against Defendants as follows:

A. That the Court determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B. A judgment in the amount of all back wages due to Plaintiff and the Class as provided by the IMWL;

C. Statutory damages pursuant to the formula set forth in 820 ILCS 105/12(a);

D. That the Court declare that Defendants have violated the IMWL;

E. That the Court enjoin Defendants from violating the IMWL;

F. Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/1 *et seq.*; and

G. Such other and further relief as this Court deems appropriate and just.

Dated: August 21, 2017

*/s/Alvar Ayala*
Alvar Ayala (ARDC #6295810)
Christopher J. Williams (ARDC #6284262)
Workers' Law Office, P.C.
53 W. Jackson Blvd, Suite 701
Chicago, IL 60604
(312) 795-9121

Attorneys for Plaintiff

13