

#6203670

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

SLAWOMIR T. BOZKO, on behalf )
of himself and other similarly )
situated individuals, )
PLAINTIFF, )
V. ) No: 17 - CV- 00680
LAS HARDWOOD, INC., )
LAS HARDWOODS B, LLC, )
LAS TRANSPORT LLC, )
SLAWOMIR BIALON AND )
PRZEMYSLAW BIALON, )
DFEENDANTS. )

**FILED**

JUN 21 2018

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**ANSWER TO SECOND AMENDED COMPLAINT**

Now come all of the Defendants named herein, LAS HARDWOODS, INC. (misnamed in the Second Amended Complaint as LAS HARDWOOD, INC), LAS HARDWOODS B, LLC, LAS TRANSPORT, LLC, SLAWOMIR BIALON and PRZEMYSLAW BIALON, by and through their attorney Adam J. Augustynski -and noting that the other Defendant named LAS HARDWOODS B, LLC had absolutely nothing to do with the Plaintiff and therefore is improperly listed as a Defendant - respectfully state and allege and answer as follows:

1. Defendants deny that that there was any "failure to pay" of any sums owed, deny that there was any "violation of the FLSA [or] IMWL", deny that there is any basis for any "collective action" as alleged or to "certify these claims as a class action" - and as and for each and every allegation which is not specifically admitted or which is denied demand strict, specific and substantial proof thereof.

2. Defendants admit these allegations but state affirmatively that if the FLSA claims would be dismissed then the state-court claims should be remanded to state court in the Circuit Court of Cook County, Illinois.

1

<u>3</u>. Defendants admit these allegations.

<u>4</u>. Defendants admit the allegations in <u>a</u> , deny that Plaintiiff himself "moved in interstate commerce" during his work  but admit that goods delivered by him sometimes originated in Illinois - and deny that Plaintiff was employed by any entities other than LAS Hardwoods, Inc. and then later LAS Transport, LLC - and as and for each and every allegation which is not specifically admitted or which is denied demand strict, specific and substantial proof thereof.

<u>5</u>. Defendants admits <u>a</u> through <u>f</u> and each of them, deny the allegations in <u>g, h</u> and <u>i</u> and state affirmatively that only LAS Hardwoods, Inc.- and then LAS Transport, LLC  were the only entities with which Plaintiff worked- and as and for each and every allegation which is not specifically admitted or which is denied demands strict, specific and substantial proof thereof.

<u>6</u>. Defendants admit <u>a</u> and <u>b.</u>, deny <u>c</u> through <u>i</u>  inclusive - and as and for each and every allegation which is not specifically admitted or which is denied demand strict, specific and substantial proof thereof.

<u>7</u>. Defendants admit  <u>a</u> through <u>f</u> inclusive , deny <u>g</u> through <u>i</u> inclusive as to any alleged affiliations with Defendant LAS Hardwoods B, LLC - and as and for each and every allegation which is not specifically admitted or which is denied demand strict, specific and substantial proof thereof.

8. Defendants admit <u>a</u> and <u>b</u> but state affirmatively that LAS Hardwood B, LLC is not an active entity, deny <u>c</u> and <u>d.</u> , admit <u>e</u> - and as and for each and every allegation which is not specifically admitted or which is denied demand strict, specific and substantial proof thereof.

9. Defendants admit <u>a</u>., deny <u>b</u> through <u>d</u> inclusive, admit e - and as and for each and every allegation which is not specifically admitted or which is denied demand strict, specific and substantial proof thereof.

10. Defendants deny the allegations as to LAS Hardwoods B, LLC, admit the other allegations - and as and for each and every allegation which is not specifically admitted or which is denied demand strict, specific and substantial poof thereof.

11. Defendants admit these allegations.

12. Defendants believe the date of termination is correct, do not on information recall the date of hiring but state affirmatively that all documents relating to payments made to Plaintiff have been turned over to Plaintiff's counsel - and as and for each and every allegation which is not specifically admitted or which is denied demand strict, specific and substantial proof thereof.

13. Defendants deny the "single employer" allegations, state affirmatively that until a reorganization Plaintiff worked with LAS Hardwoods, Inc., after which he worked with LAS

Transport, LLC, deny the other allegations as these two separate entities have different functions and roles- and as and for each and every allegation which is not specifically admitted or which is denied demand strict, specific and substantial proof thereof.

14. Defendants deny the allegations in <u>a</u>., deny that the website advertises for LAS Transport, LLC or for the other corporate Defendant named, admit <u>c</u>. ,deny any "shar[ing]" as each legal person has its own functions and purposes as listed in <u>d</u>., admit <u>f,</u> deny <u>g</u> and <u>h</u> - and as and for each and every allegation which is not specifically admitted or which is denied demands strict, specific and substantial proof thereof.

15. Defendants deny each of these allegations- and as and for each and every allegation which is denied demand strict, specific and substantial proof thereof.

16. Defendants deny each of these allegations- and as and for  each and  every allegation which is not specifically admitted or which is denied demand strict, specific and substantial proof thereof.

17. Defendants admit these allegations - and state affirmatively that this is the only Defendant who employed Plaintiff- until after a re-organization when the only Defendant who employed Plaintiff until termination of Plaintiff was LAS Transport, LLC.

18.  Defendants believe this is likely correct and have produced to Plaintiff through counsel all relevant documents relating thereto.

4

19.-21. inclusive - Defendants believe this is likely correct and have produced to Plaintiff through counsel all relevant documents relating thereto.

22. Defendants admits these allegations.

23. Defendants admit that Plaintiff has work in warehouse facilities, deny that the Defendants all owned or even controlled such real estate - and as and for each and every allegation which is not specifically admitted or which is denied demand strict, specific and substantial proof thereof.

24 and 25. - Defendants admit that Plaintiff sometimes worked more than forty hours per week but state affirmatively that he was always paid overtime if he did so, deny for lack of any names provided the other allegations relating to unknown "similarly situated employees" - and as and for each and every allegation which is not specifically admitted or which is denied demand strict, specific and substantial proof thereof.

26. Defendants admit the first allegations, state affirmatively that Plaintiff was paid overtime for all hours actually worked over forty in any particular week, and state affirmatively that all payroll records for Plaintiff have already been submitted to his attorney.

27-28. - Defendants deny any "misclassif[ication]", deny any all allegations as to unknown "similarly situated employees", state affirmatively that Plaintiff requested that he work as an independent contractor - and that later Plaintiff was put on regular payroll upon advice of an accountant but that Plaintiff always received overtime pay for any overtime work - and as and for each and every allegation which is not specifically admitted or which is denied demand strict, specific and substantial proof thereof.

29. Defendants deny any allegations as to any unnamed and unknown "similarly situated employees", admit that on the advice of an accountant the Plaintiff - who had specifically requested that he work as an independent contractor - was put on the payroll of the Defendant for which he was then working - and as and for each and every allegation which is not specifically admitted or which is denied demand strict, specific and substantial proof thereof.

30. Defendants deny any unnamed and unknown "similarly situated employees", admit that all monies paid to Plaintiff when he actually worked for more than forty hours in a particular week were paid at the correct overtime rate - as had been the case before that time at all time periods relevant hereto - and as and for each and every allegation which is not specifically admitted or which is denied demand strict, specific and substantial proof thereof.

31. Defendants deny any such "require[ment]" and state affirmatively that Plaintiff alone chose whether to work during his lunch hour or to rest or attend to personal business or to get home early - but that if he worked through any such half-hour lunch period all of those hours were

included in his  payment calculation for that week, including for payment of overtime for any time greater than forty hours of work actually performed by Plaintiff in any particular week - and state affirmatively further that if Plaintiff chose not to work during any such half-hour lunch period he would still receive payment but always at his regular rate for that rest -and his rest time was not added to work time for any particular week and of course not included in "hours worked" for purposes of overtime pay received after forty hours of actual work in any relevant week - and as and for each and every allegation which is not specifically admitted or which is denied demand strict, specific and substantial proof thereof.

32. Defendants deny any such allegations, including relating to unknown "other similarly situated employees" - and as and for each and every allegation which is not specifically admitted or which is denied demand strict, specific and substantial proof thereof.

33. Defendant admits the first set of allegations, denies any "require[ment]" to work by anyone including Plaintiff over any half-hour lunch periods, denies that Plaintiff or anyone else was ever not compensated with overtime pay when Plaintiff or anyone else actually chose to work over forty hours in a particular week - and as and for each and every allegation which is not specifically admitted or which is denied demand strict, specific and substantial proof thereof.

34. Defendants denies these allegations and each of them - and as and for each and every allegation which is denied demand strict, specific and substantial proof thereof.

35. Defendants deny that any such attempts would be proper in any way - and as and for each and every allegation denied demand strict, specific and substantial proof thereof.

36. Defendants deny that any such actions would be proper in any way - and as and for each and every allegation denied demand strict, specific and substantial proof thereof.

37. Defendants deny each and every allegation contained herein - and as and for each and every allegation denied demand strict, specific and substantial proof thereof.

38. Defendants deny each and every allegation contained herein - and as and for each and every allegation denied demand strict, specific and substantial proof thereof.

**RESPONSE TO COUNT I**

The Defendants incorporate and re-state their responses to Paragraphs 1 through 38 as though set forth herein.

39. Defendants deny each and every allegation contained herein, state affirmatively that whatever "classification" may have involved the Plaintiff he was always paid overtime for any hours over forty on which he performed work during any week - and as and for each and every allegation which is denied the Defendants demand strict, specific and substantial proof thereof.

<u>40</u>. Defendants deny "directing" Plaintiff, state affirmatively that when Plaintiff agreed to and had worked more than forty hours in a particular week he was paid the overtime rates for all such hours worked - and as and for each and every allegation which is not specifically admitted or which is denied demand strict, specific and substantial proof thereof.

<u>41</u>. Defendants deny these allegations based on the failure to provide any specific information - and as and for each and every allegation demand strict, specific and substantial proof thereof.

<u>42</u>. Defendants admit that if Plaintiff worked for more than forty hours in a week he was paid overtime for all time worked in excess of the first forty hours in that week, deny allegations as to unknown alleged "similarly situated employees" - and as and for each and every allegation not specifically admitted or denied Defendants demand strict, specific and substantial proof thereof.

<u>43.</u> Defendants admit these allegations as to Plaintiff and state affirmatively that all such payments when required were made to Plaintiff, deny these allegations as to any unknown alleged "similarly situated employees"- and as and for each and every allegation which is not specifically admitted or denied demand strict, specific and substantial proof thereof.

<u>44</u>. Defendants deny these allegations and each of them- and as and for each and every allegation denied demand strict, specific and substantial proof thereof.

45. Defendants deny any "failure" as alleged, deny any "Class", deny any "violation" and states

affirmatively that Plaintiff was paid all overtime due to him, and as and for each and every

allegation demand strict, specific and substantial proof thereof.


46. Defendants deny any "violation", deny as absurd and false any allegations of being "willful",

deny that any "Class" exists or should exist - and as and for each and every allegation which is

not specifically admitted or which is denied demand strict, specific and substantial proof

thereof.

WHEREFORE THE NAMED DEFENDANTS AND EACH OF THEM RESPECTFULLY REQUEST THAT
THIS HONORABLE COURT:

A.  Deny each and every request for relief made by Plaintiff herein, with prejudice and costs.

B.  Upon finding that the requests made are without basis and that all overtime was paid to the
Plaintiff, order Plaintiff to pay out of his own pocket any and all attorney fees incurred by
Defendants or any of them in any way related to this matter.

C.  For any such other and further relief in the premises as to this Honorable Court might
appear to be just and proper for the benefit of the Defendants and each of them.


**RESPONSE TO COUNT II**

The Defendants incorporate and re-state their responses to Paragraphs 1 through 46 as though

set forth herein.


47. Defendant deny each and every allegation as to Plaintiff, deny any "similarly situated

employees" who are not described by name, and as and for each and every allegation which is

denied demand strict, specific and substantial proof thereof.

48. Defendants deny "direct[ing] Plaintiff and state affirmatively that whenever Plaintiff actually had worked more than forty hours in a particular week he received all overtime due to him for that week.

49. Defendants admit these allegations - and state affirmatively that Plaintiff has received through his counsel all of the work time records which confirm that Plaintiff received all overtime pay due to him for every relevant week in which Plaintiff actually worked more than forty hours.

50. Defendants admit these allegations - and state affirmatively that he was so paid for all overtime he actually performed.

51. Defendants deny each of these allegations - and as and for each and every allegation denied demand strict, specific and substantial proof thereof.

52. Defendants deny any such allegations, state affirmatively that no such "laborers" are listed or identified in any way - and as and for each and every allegation denied demand strict, specific and substantial poof thereof.

53. Defendants deny all such allegations, deny any unknown "similarly situated" persons - and as and for each and every allegation denied demand strict, specific and substantial proof thereof.

11

54. Defendants deny each such allegation, deny any "persons similarly situated" who again are not identified in any way, state affirmatively that Plaintiff received all overtime and other wages due to him for any relevant time period- and as and for each and every allegation which is not specifically admitted or which is denied demand strict, specific and substantial proof thereof.

55. Defendants deny that any "unpaid wages" are owed to Plaintiff or to unknown "members" of a non-existent alleged "class" - and as and for each and every allegation which is denied demand strict, specific and substantial proof thereof.

56. Defendants deny each and every allegation, deny that any of the requirements for any alleged "class" have been identified or enumerated - and as and for each and every allegation which is denied demand strict, specific and substantial proof thereof.

WHEREFORE THE NAMED DEFENDANTS AND EACH OF THEM RESPECTFULLY REQUEST THAT THIS HONORABLE COURT:

A. Deny each and every request for relief made by Plaintiff, with prejudice and with costs.
B. Upon finding that the requests made are without basis and that all overtime was paid to the Plaintiff, order Plaintiff to pay out of his own pocket any and all attorney fees incurred by Defendants or any of them in any way related to this matter.
C. For any such other and further relief in the premises as to this Honorable Court might appear to be just and proper for the benefit of the Defendants and each of them.

Respectfully submitted,

Adam J. Augustynski, Attorney for Defendants, 5850 W. Bryn Mawr Avenue, Chicago, IL 60646; 773-775-0044; e-mail: augustynski@aol.com; Illinois Attorney #6203670.

page thirteen of thirteen – 17-cv-00680 – Defendants' Answer to Second Amended Complaint.

**AFFIDAVIT**
STATE OF ILLINOIS    )
COUNTY OF COOK    ) SS.

I _MALGORZATA BIALON_ having been sworn on my oath, pursuant to Section 1-109 of the Illinois Code of Civil Procedure, do certify and confirm that all of the information contained in the above and foregoing pleading is true and correct and complete- and as and for each and every allegation which is made on information and belief that I verily believe the same to be true and correct and complete.

_____    AGENT FOR VARIOUS DEFENDANTS
6/18/18

Subscribed and sworn to before me on this, the
____19th____ day of ____June____ 2018.

_____Notary Public.

OFFICIAL SEAL
ADAM J. AUGUSTYNSKI
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:01/15/19

Prepared by:
Adam J. Augustynski
Attorney-at-Law
5850 W. Bryn Mawr Avenue; e-mail: augustynski@aol.com
Chicago, IL 60646; 773-775-0044; ~~Cook County Attorney Number 27556~~.
                    Illinois ARDC #6203670.

#6203670

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

| | |
|---|---|
| SLAWOMIR T. BOZKO, ET AL., | ) |
| PLAINTIFF, | ) |
| V. | ) No: 17-cv-00680 |
| LAS HARDWOODS, INC., LAS HARDWOODS B, LLC, | ) Hon. Judge John Z. Lee |
| LAS TRANSPORT, LLC, SLAWOMIR BIALON AND | ) |
| PRZEMYSLAW BIALON, | ) |
| DEFENDANTS. | ) |

**NOTICE OF FILING**

To: Alvar Ayala, Esq., Workers' Law Office, P.C., 53 W. Jackson Blvd #701, Chicago, IL 60604.

PLEASE TAKE NOTICE THAT on this, the 21st day of June 2018 I have caused to be filed with the Clerk of the above-named Court Defendants' Answer to Second Amended Complaint, a copy of which is attached hereto and served upon you.


Respectfully submitted,

*Adam J. Augustynski*
Adam J. Augustynski
Attorney for Defendants
5850 W. Bryn Mawr Avenue
Chicago, IL 60646; 773-775-0044; e-mail: augustynski@aol.com; ILARDC #6203670.

**CERTIFICATE OF SERVICE**

I, Adam J. Augustynski, the attorney, do certify that I caused a copy of the above and foregoing notice, with pleading attached, to be sent to the above attorney at the above address by placing a copy thereof in a US Mailbox in Chicago, Illinois on or before 5PM on June 21, 2018, with proper postage prepaid.

*Adam J. Augustynski*
Adam J. Augustynski

**FILED**

EC JUN 21 2018

THOMAS G. BRUTON.
CLERK, U.S. DISTRICT COURT



1